

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

**FILED**
**Aug 15, 2025**
**09:08 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| Linda Mueller | ) Docket No.  2023-03-5834 |
| | ) |
| v. | ) State File No.  58322-2023 |
| | ) |
| CSL Plasma, et al. | ) |
| | ) |
| and | ) |
| | ) |
| Troy Haley, Administrator of the Bureau | ) |
| of Workers' Compensation Subsequent | ) |
| Injury and Vocational Recovery Fund | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Certified as Final

---

This is one of four concurrent appeals filed in four separate causes of action, all of which concern the trial court's decision to grant the employer's motions for summary judgment and dismiss all four claims.  In this claim, the employee alleges an injury to her mid-back. The employer denied the claim on the basis that there was no medical evidence of an injury and supported its position with the report of a physician who opined that her condition was degenerative in nature and not primarily caused by her employment.  The employer filed a motion for summary judgment.  The employee did not respond to the motion or offer any proof of causation, an essential element of her claim, and the trial court granted the motion. The employee has appealed.  Having carefully reviewed the record, we affirm the trial court's order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Linda Mueller, Knoxville, Tennessee, employee-appellant, pro se

Jennifer Caywood Schmidt, Knoxville, Tennessee, for the employer-appellee, CSL Plasma

Lindsay N. Hall, Knoxville, Tennessee, for the Tennessee Subsequent Injury and Vocational Recovery Fund

**Memorandum Opinion[1]**

Linda Mueller ("Employee") previously worked for CSL Plasma ("Employer") as a lab technician and has four pending appeals in four separate claims against Employer. On August 23, 2023, Employee filed a petition for benefit determination stating that she had sustained an injury to her mid-back on or about August 7, 2023, due to repetitive loading and unloading of racks at work. She also indicated on her petition that she would be seeking recovery from both Employer and the Subsequent Injury and Vocational Recovery Fund ("the Fund"). Although the parties apparently reached a tentative global settlement during mediation, it was never approved by the court, and a dispute certification notice ("DCN") was issued. On the DCN, Employer contested compensability and any entitlement to medical or disability benefits and listed as its defenses: "Employee's injury did not arise out of employment; pre-existing condition; lack of medical causation; idiopathic condition; and no medical evidence of a work injury."

In response to Employee's claim, Employer retained Dr. Jeffrey Hazlewood to conduct a medical records review. Dr. Hazlewood prepared a report summarizing his findings and opinions on November 11, 2024. Thereafter, Employer deposed Dr. Hazlewood, who testified he had reviewed approximately 250-300 pages of records and concluded Employee did not suffer a traumatic injury at work on August 7, 2023. He diagnosed Employee with chronic back pain due to "degenerative spine disease," and he noted she had complaints of low back, mid-back, and neck pain dating back to at least 2017. Dr. Hazlewood reviewed several imaging studies, and he testified those studies showed Employee had degenerative spine disease in each one of those areas of her spine with no indication of a traumatic structural change.

Following Dr. Hazlewood's deposition, Employer filed a motion for summary judgment and a statement of undisputed material facts, relying primarily on Dr. Hazlewood's opinions as the basis for its motion. Employee did not file a response to either the motion or the statement of undisputed facts. After a hearing on Employer's motion, which Employee attended, the trial court issued an order on April 9, 2025, granting Employer's motion and dismissing the claim. The trial court determined Employer had negated an essential element of Employee's claim, *i.e.*, causation, and Employee had submitted no evidence at the summary judgment stage in support of her claim that she sustained a work-related mid-back injury that arose primarily out of and in the course and scope of her employment.

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

We review the grant or denial of a motion for summary judgment *de novo* with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Thus, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* In her notice of appeal, Employee identifies the issues on appeal as "dispute facts presented by Dr. Hazlewood, provide medical evidence, [and] attorney conduct." Employee filed one brief to address all four of her appeals in which she argues that the court erred in granting Employer's motion for summary judgment and that the court and the attorneys representing Employer and the Fund treated her improperly.

In regard to the first issue, Employee did not file a response to Employer's motion, and she did not serve and file a response to the statement of undisputed facts as required by Rule 56.03 of the Tennessee Rules of Civil Procedure. We agree with the trial court that the medical causation opinion Employer obtained from Dr. Hazlewood negated an essential element of Employee's claim. As such, in accordance with Rule 56.04, the burden of production shifted to Employee to allege specific facts and come forward with sufficient evidence that could lead a trier of fact to find in her favor on the issue of medical causation. *See Rye*, 477 S.W.3d at 265. Employee did not meet that burden.

At the motion hearing, Employee attempted to rely on various medical records she had previously filed, but, as the trial court correctly stated, medical records, standing alone, are not appropriate for consideration in response to a motion for summary judgment. *See Thomas v. 10 Roads Express, LLC*, No. 2021-08-0819, 2023 TN Wrk. Comp. App. Bd. LEXIS 17, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2023) (clarifying that, in the context of a motion for summary judgment, a trial court can only consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" as specified by Rule 56.04 of the Tennessee Rules of Civil Procedure). Furthermore, Employee admitted at the hearing that she did not have an expert medical opinion that her alleged injuries or current mid-back condition were primarily caused by an alleged August 7, 2023 work accident. In short, we conclude the trial court correctly determined that Employer negated an essential element of Employee's claim and that Employee did not come forward with sufficient proof to create a genuine issue of material fact regarding medical causation, especially given Employee's failure to respond to the statements of undisputed material facts.

Relative to the second issue, Employee asserts that the court, Employer's counsel, and counsel for the Fund treated her inappropriately, citing delays due to the unavailability of an expert testifying for Employer, a lack of response to her emails by the attorneys, and her perception that the trial judge showed preferential treatment to the attorneys for Employer and the Fund. We conclude, however, that Employee has failed to identify with any specificity the allegedly prejudicial actions taken by the attorneys or the court or to describe how any such actions, even if they occurred, prejudiced her case. A court's unfavorable decision, standing alone, is not evidence of prejudice or bias. *See, e.g.*,

3

*Limbaugh v. Mueller Refrigeration Co.*, No. M2007-00999-WC-R3-WC, 2008 Tenn. LEXIS 623, at \*12 (Tenn. Workers' Comp. Panel Sept. 26, 2008). Furthermore, Employee has not asked for any type of relief for her complaints of unfair treatment. In the absence of a clear description of the prejudice or bias she claims to have suffered, any indication that she addressed the issue in the trial court, or a clear request for relief from that harm, the issue is deemed waived. *See Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at \*15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (stating "in most instances, an issue raised for the first time on appeal will be deemed waived").

Accordingly, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Linda Mueller | ) Docket No. 2023-03-5834 |
| | ) |
| v. | ) State File No. 58322-2023 |
| | ) |
| CSL Plasma, et al. | ) |
| | ) |
| and | ) |
| | ) |
| Troy Haley, Administrator of the Bureau | ) |
| of Workers' Compensation Subsequent | ) |
| Injury and Vocational Recovery Fund | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of August, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Linda Mueller | | | | X | lindamueller2@msn.com lindamueller480@gmail.com |
| Jennifer C. Schmidt | | | | X | jcschmid@travelers.com |
| Lindsay N. Hall | | | | X | lindsay.n.hall@tn.gov |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov